UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETTERING LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF WILMINGTON and ) <br> DANIEL J. VEERMAN, ANTHONY J. ) <br> BARLETTA, JR., RAYMOND LEPORE, ) <br> THOMAS W. SIRACUSA and ) <br> JACQUELYN SANTINI, as members ) <br> of the ZONING BOARD OF APPEALS ) <br> OF WILMINGTON, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 19-10782-FDS |

## ORDER ON JOINT MOTION FOR REMAND

**SAYLOR, C.J.**

This lawsuit arises out of the planned construction of an addiction treatment center. The complaint alleges that plaintiff Bettering LLC bought a property in Wilmington on which it plans to operate an addiction treatment facility. (Compl. ¶¶ 6-7). Because local zoning by-laws prohibited the construction of the facility, Bettering applied to the Zoning Board of Appeals of Wilmington ("ZBA") for a special permit or a reasonable accommodation. (*Id.* ¶¶ 12-22). ZBA denied both applications. (*Id.*). Bettering alleges that these denials were unlawfully discriminatory. (*Id.*).

On March 25, 2019, Bettering filed this action in the Superior Court. (Notice of Removal ¶ 1). The complaint alleges violations of various provisions of state and federal law. (Compl. ¶¶ 108-167). On April 22, 2019, defendants removed the action to this court, alleging federal-

question jurisdiction under 28 U.S.C. § 1331.

The parties have jointly moved to remand this action to the ZBA. They contend that a remand will permit the ZBA to consider a modified request for reasonable accommodation proposed by Bettering.

A remand to the ZBA is improper; this Court can only remand "a case to the State court from which it was removed." *See* 28 U.S.C. § 1447(d); *Taliaferro v. Goodyear Tire & Rubber Co.*, 265 F. App'x 240, 244 (5th Cir. 2008); *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985) ("'Remand' means 'send back.' It does not mean 'send elsewhere.'"); *see, e.g.*, *Petrofsky v. ARA Grp., Inc.*, 878 F. Supp. 85, 86 (S.D. Tex. 1995) ("A case cannot be remanded to a court from which it did not come, regardless of how just or expedient that result might be."). This action was removed from the Superior Court, so it can only be remanded there.

Instead, the Court will construe the motion as a request to stay this action pending a decision by the ZBA on plaintiff's modified request for reasonable accommodations. That motion will be GRANTED, and this action will be STAYED pending a decision by the Zoning Board of Appeals of Wilmington on plaintiff's modified request for reasonable accommodations. It is further ORDERED that the parties shall file a report promptly following any decision by the Zoning Board of Appeals of Wilmington on plaintiff's modified request. Any party seeking to object to the construction of this order as a request for a stay must do so in writing by February 10, 2020.

**So Ordered.**

Dated: February 3, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court